```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF NORTH DAKOTA
                       NORTHEASTERN DIVISION


UNITED STATES OF AMERICA    )    REPORT AND RECOMMENDATION
                            )
         V.                 )
                            )     CASE NO. 2:99-cr-34-02
RANDY CALVIN DENNE          )
```

A petition, filed February 13, 2006, alleges that Randy Calvin Denne violated conditions of supervised release. The petition was referred to this Court for hearing and for preparation of this Report and Recommendation. This Court held a hearing on November 9, 2006. Since only an initial appearance had been scheduled for November 9th, the supervising officer's violation report was not prepared at that time, and was received on November 17, 2006.

At the hearing, Mr. Denne admitted to each of the violations alleged in the petition. The parties both recommend that Mr. Denne be held in custody until February 8, 2007, when his term of supervised release is scheduled to end. There is, however, a difference of positions on whether he should be held in custody as a condition of supervised release, or whether his release should be revoked.

## **FACTS**

Mr. Denne's sentence of supervised release arises from his

1

plea of guilty to charges of interstate transportation of a motor vehicle and larceny.  On January 20, 2000, Mr. Denne was sentenced to a term of imprisonment of six months, to be followed by two years of supervised release.  Conditions of supervised release included abstention from alcohol use, and completion of 100 hours of community service.  Mr. Denne was also ordered to pay restitution (for which he is jointly and severally liable) of $6,412.99.

Because he was serving a state sentence, Mr. Denne did not begin to serve his federal sentence until September 6, 2002.  He completed the six months of imprisonment, and began the two years of supervised release, on March 3, 2003.  Mr. Denne violated various terms of his supervised release during 2003, and that term of release was revoked on March 22, 2004.

The March 22, 2004 Judgment ordered that Mr. Denne serve twelve months in custody, followed by two years of supervised release.  He began the current two-year supervised release term on February 9, 2005.

The current petition alleges multiple violations of conditions.  It alleges, and Mr. Denne admitted, three positive tests for use of marijuana (June 23, 2005; July 25, 2005, and October 17, 2005).  The petition alleges, and Mr. Denne admitted, failure to report for drug testing on December 19,

2005 and February 1, 2006.

The supervising probation officer referred Mr. Denne to Spirit Lake Recovery and Wellness after the positive drug tests, and Mr. Denne completed a treatment program there in December 2005. The petition alleges, and Mr. Denne admitted, failure to complete the drug and alcohol aftercare program at SLRW.

Mr. Denne further admitted failure to submit monthly reports after May 2005.

Although the current petition was filed approximately nine months ago, Mr. Denne did not come into federal custody until November 6, 2006. He was serving state sentences for probation violations from April 11, 2006 until November 6th. Mr. Denne remains in federal custody pending a decision on the petition.

To his credit, Mr. Denne completed 69 of 100 hours of community service during the first two months of supervised release. The supervising officer reported that he completed that service at St. Michael's Elderly Center. It appears that he has not completed additional community service hours during his second term of supervised release.

## **PARTIES' POSITIONS ON DISPOSITION**

There is no dispute between the parties that Mr. Denne should be in custody until the February 8, 2007, when his current term of supervised release is scheduled to end. Given

his record on both state and federal supervision, both parties have concluded that it is highly unlikely that Mr. Denne would successfully complete a term of supervised release.

Mr. Denne requests that his custody be as a condition of supervised release, so that placement at Lake Region Law Enforcement Center is more likely, to allow him to be closer to his family. Although the government's attorney stated no objection to that placement request, the supervising probation officer expressed reservations about it, since Mr. Denne would then have the opportunity for work release and other authorized release at LRLEC. The supervising probation officer feels those opportunities for release are not appropriate for Mr. Denne.

## POLICY STATEMENTS OF SENTENCING GUIDELINES

The violations are all of Grade C. Mr. Denne was in Criminal History Category IV when the original sentence was imposed. The policy statements of U.S.S.G. § 7B1.4(a) provide for a term of custody of six to twelve months for Grade C violations by a person in Criminal History Category IV.

## DISCUSSION

The supervising probation officer, and the state probation system, have given Mr. Denne many opportunities to complete his supervision requirements. He has made little effort to do so. Revocation is an appropriate sentence. Custody through the end

of the term of supervised release, though quite lenient, is recommended in light of Mr. Denne having already served seven months in state custody for similar violations. A recommendation for placement at Lake Region Law Enforcement Center appears appropriate, especially in light of the relatively short sentence.

### **RECOMMENDATION**

This Court recommends that the District Judge find that Mr. Denne has violated conditions of supervised release as alleged in the petition. This Court further recommends that the District Judge order that supervised release be revoked, and that Mr. Denne be imprisoned through February 7, 2007, with a recommendation for placement at Lake Region Law Enforcement Center.

### **OPPORTUNITY FOR OBJECTIONS**

Pursuant to Local Rule 72.1(E)(4), either party may object to the proposed findings and recommended disposition within ten days after being served with a copy of this Report and Recommendation. Since this Report and Recommendation is consistent with the positions advanced by both parties, they should advise the District Judge if they do not object to it, so that an order may be entered before the ten day period ends.

Dated this 20th day of November, 2006.

```
                              BY THE COURT:


                               /S/ Alice R. Senechal
                              Alice R. Senechal
                              U.S. Magistrate Judge
```